THE ALEXANDER GIBSON v. PORTLAND SHIPPING CO.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1893.)

No. 79.

SHIPPING—CHARTER PARTY—SELECTION OF STEVEDORE.

A charter party contained this provision: "The vessel to employ stevedore satisfactory to charterers; but (if appointed by them) the charge not to exceed that current at the time, and to be stowed under the captain's supervision and direction." *Held* that, where a stevedore selected by the master was unsatisfactory to the charterers, they could themselves select another one, without giving reasons for their dissatisfaction.

Appeal from the Circut Court of the United States for the Northern Division of the District of Washington.

In Admiralty. Libel by the Portland Shipping Company against the ship Alexander Gibson (Edward O'Brien, claimant) to recover damages for the breach of a charter party. The district court dismissed the bill, (44 Fed. Rep. 371,) but on an appeal to the circuit court this decree was reversed, and a decree entered for libelant. The claimant appeals. Affirmed.

William Craig and E. C. Hughes, (Craig & Meredith and Hughes, Hastings & Stedman, on the brief,) for appellant.

C. E. S. Wood, (Williams & Wood, on the brief,) for appellee.

Before McKENNA, Circuit Judge, and HAWLEY and MORROW, District Judges.

MORROW, District Judge. The ship Alexander Gibson was chartered by the Portland Shipping Company of Portland, Or., December 3, 1887, to carry a cargo of wheat from Tacoma, Wash. T., to a port in the United Kingdom, or on the continent of Europe,

as ·instructed by the charterers' agents. The charter party contained, among other provisions, the following:

"The vessel to employ stevedore satisfactory to charterers; but (if appointed by them) the charge not to exceed that current at the time, and to be stowed under the captain's supervision and direction."

At about the time of the execution of the charter party the master of the vessel employed one R. W. De Lion as stevedore to load the cargo of wheat on board the vessel, but whether this employment was in fact made before or after the signing of the charter party is not clear from the testimony. It does appear that immediately following the execution of this contract the Portland Shipping Company, acting under the authority claimed to have been conferred upon the charterers by the provision of the contract just cited, appointed Cunningham & Mullens, a firm engaged in the stevedore business at Tacoma, as stevedores to load the vessel, and notified the master of such appointment. The master refused for a time to accept their service, and insisted upon the employment of De Lion. The result of the controversy was a delay in loading the vessel for the period of about a month, during which time the market price of wheat in Liverpool declined. This action was thereupon brought by the Portland Shipping Company to recover damages sustained by the corporation by reason of such decline in the value of the cargo of wheat for the shipment of which the Alexander Gibson was chartered. The libel was dismissed in the United States district court for the district of Washington, and thereupon an appeal was taken to the United States circuit court for the ninth circuit, where a judgment was rendered in favor of the libelant for the damages arising from a decline of 1s. 6d. per quarter in the market price of wheat during the detention. From the judgment of the circuit court the claimant has appealed to this court.

It appears from the testimony that the employment of De Lion as stevedore was not ' satisfactory to the libelant, but the reason for such dissatisfaction was not made known to the master of the vessel at the time the libelant refused to agree to his employment. The employment of Cunningham & Mullens by the charterer was finally accepted by the master, and the rate charged by them for loading the vessel did not exceed the rate current at that time at Tacoma. The question is whether, under the terms of the agreement, the master of the vessel had the right to insist upon the employment of a stevedore selected by him, as against the employment of stevedores appointed by the charterer. The charter party gave the right of selection of a stevedore to the master of the vessel, subject, however, to the qualification that such selection should be satisfactory to the charterer. The selection in this case was not satisfactory to the latter, but it is contended that, as no dissatisfaction was expressed by the charterer as to the competency and skill of De Lion, it must be presumed that he was satisfactory, and his employment should have been accepted by the charterer. We do not so understand the terms of the contract, since it is expressly provided that the charterer should have the power to ap-

point a stevedore, subject only to the qualification that the charge should not exceed that current at the time, and that the cargo should be stowed under the captain's supervision and direction. Had the selection of the stevedore remained with the vessel, and continued until a selection was made, satisfactory to the charterer, there would be much force in the contention that the charterer would not be allowed to reject such a selection arbitrarily and without cause; but the contract provides that the charterer should also have the power of appointment, subject only to the qualifications mentioned in favor of the vessel. The right of the charterer was therefore not merely a right to confirm the selection of the master of the vessel, but to appoint a stevedore itself, should the selection of the master, from any cause, prove unsatisfactory. In the cases cited by the appellant no such conditions obtained. It will not be necessary, therefore, to review those authorities, to show that they do not establish any principle of law available to the matter of the vessel in this case. It is sufficient to say that in our opinion the contract under consideration is unambiguous, and under the circumstances clearly justified the right of selection of a stevedore, as claimed by the charterer, after the selection by the master of the vessel had proven unsatisfactory.

The judgment of the circuit court is affirmed.